IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Duffin, | ) | C/A No.: 1:11-1145-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Reynolds, Kershaw C.I.; | ) | |
| Transportation Officer Uree of Kershaw | ) | |
| C.I.; Unknown Driver of Other Vehicle; | ) | |
| Unknown Administration Personnel; | ) | |
| Unknown Insurance Co., and SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this action in state court alleging negligence and violations of his constitutional rights while incarcerated at Kershaw Correctional Institution ("KCI"). After removal, defendants Warden Reynolds, Officer Uree, Unknown Administration Personnel, and the South Carolina Department of Corrections ("Defendants") filed a motion to dismiss [Entry #14] and Plaintiff filed a motion to remand [Entry #23]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion to dismiss is dispositive, this Report and Recommendation is entered for review by the district judge.

I.     Factual and Procedural History

Plaintiff alleges that defendant Uree was transporting him to the Medical University of South Carolina ("MUSC") on May 27, 2008, for a follow-up appointment from a prior surgery. Compl. at 3 [Entry #1-2]. According to the complaint, Uree was

driving in the right lane on Interstate I-26 when he suddenly jerked the van into the left lane. *Id.* Plaintiff claims that Uree then "hit the brakes immediately causing an unknown vehicle to hit the back of the van." *Id.* Plaintiff was allegedly thrown into the steel cage of the van, which he alleges caused him facial bruises and a serious and permanent back injury that still causes him pain. *Id.* Plaintiff was then taken to the emergency room. *Id.* at 3–4.

According to the complaint, in May or June of 2008, "an unknown attorney" or insurance adjuster[1] came to see him at KCI "about his injuries," but "unknown members of the [KCI] administration and the warden refused to allow the attorney to speak with [him]." Compl. at 4 [Entry #1-2]. Plaintiff asserts claims of negligence related to his physical injuries from the car accident and a claim for violation of his First Amendment rights for alleged denial of access to the courts.[2] *Id.*

On May 12, 2011, Defendants removed this case to this court [Entry #1] and filed a motion to dismiss on May 18, 2011 [Entry #14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry

---

[1] Although Plaintiff's complaint states that the visitor was an unknown attorney, Plaintiff's brief in opposition to summary judgment clarifies that his claim against Reynolds is for denying Plaintiff the opportunity to speak to "an outside attorney or insurance adjuster." Pl.'s Resp. at 1 [Entry #22].

[2] Although Plaintiff initially claimed his denial of access to the courts claim was also a Sixth Amendment claim, which claim must fail. By its express terms, the Sixth Amendment's right to counsel applies only to criminal proceedings.

#15]. Plaintiff filed a response on June 9, 2011 and supplemental response on July 1, 2011 [Entry #27]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' Motion to Dismiss be granted in part and this case be remanded to the Court of Common Pleas for Charleston County.

II.     Discussion

    A.     Standard of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

B.     Motion to Dismiss

Defendants removed this case based on the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff alleged Defendants violated his First Amendment right to access the courts. *See* Notice of Removal at 1–2 [Entry #1]; Compl. at 3 [Entry #1-2]. Plaintiff's claim is based on allegations that Reynolds and/or other KCI administration did not let him speak to an unknown attorney or insurance adjuster who visited KCI sometime in May or June 2008. Plaintiff does not allege that he was denied the right to speak to his own attorney or that he has been denied the right to communicate with any attorney or insurance adjuster through the mail. Therefore, Plaintiff has essentially alleged that he was denied a visitor on one occasion. The Fourth Circuit has recognized that "there is no absolute right to prison visitation," nor is there a "constitutional right to prison visitation, either for prisoners or visitors." *White v. Keller*, 438 F.Supp. 110, 114–15 (D.Md.1977), *aff'd* 588 F.2d 913 (4th Cir. 1978). Plaintiff's claim for violation of his First Amendment rights based on the denial of a visit from an unknown attorney or insurance adjuster does not state a claim of constitutional magnitude. It is therefore recommended Plaintiff's claim for violation of his First Amendment rights be dismissed.

C.     Remand

As Plaintiff's only remaining claims are state-law claims, the undersigned recommends the district judge decline to exercise supplemental jurisdiction and remand this case to the Charleston County Court of Common Pleas. "Federal courts have [the]

4

inherent power to remand removed State claims when the federal claims drop out of the case." *Hinson v. Norwest Fin. S. C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001). Additionally, 28 U.S.C. § 1367(c)(3) authorizes a district court in its discretion to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." In doing so, "a court may dismiss the claim or, if it was removed, remand it to State court." *Hinson*, 239 F.3d at 616 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). In deciding whether to remand a case, the court should consider "principles of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ.*, 484 U.S. at 357. The instant case is still in its infancy. Aside from the instant motions, no other motions are pending, and Defendants have not yet filed an answer to the complaint. Additionally, if the district judge accepts this recommendation, only state will remain. Therefore, it is recommended that the district judge decline to exercise supplemental jurisdiction and remand this case to the Charleston County Court of Common Pleas. Plaintiff's motion to remand [Entry #23] will be denied as moot.[3]

III.   Conclusion

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be granted in part with regard to Plaintiff's constitutional claim. Additionally, it is recommended that the district judge decline to exercise supplemental jurisdiction over

---

[3] Plaintiff's motion to remand raises many arguments, some in the alternative. rather than grant Plaintiff's motion to remand for the reasons Plaintiff argues, the undersigned recommends it be denied as moot.

Plaintiff's remaining state-law claims and remand this case to the Court of Common Pleas of Charleston County.

    IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

October 25, 2011                                  Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**