IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donald Duffin, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Warden Reynolds, Transportation Officer )<br>Uree; Unknown Driver of Another Vehicle; )<br>Unknown Administration Personnel; )<br>Unknown Insurance Co.; and SCDC; )<br>)<br>Defendants. )<br>_____) | C.A. No. 1:11-1145-TMC<br><br><br>**ORDER** |

**I.**
**INTRODUCTION**

This matter is a civil action filed by a *pro se* litigant, appearing *in forma pauperis,* in the Court of Common Pleas, Charleston County, South Carolina, which was removed to the United States District Court by the defendants. (Dkt. Nos.1, 1-1.) The case is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends granting the defendants' motion to dismiss in part and remanding the case to state court. (Dkt. No. 45.)[1] The court adopts the Report, grants the motion to dismiss in part, and remands the case to the Court of Common Pleas for Charleston County.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.
### DISCUSSION

### A.

The Report sets out the facts and circumstances of this case in detail, so the court will only briefly outline those facts here. Duffin is incarcerated at McCormick Correctional Institution, but was incarcerated at Kershaw Correctional Institution (Kershaw), a facility of the South Carolina Department of Corrections (SCDC), at the time of the alleged incidents. Duffin alleges that Officer Uree (Uree) and an unknown female officer were transporting him to the Medical University of South Carolina in May 2008 for a follow-up appointment from surgery. (Dkt. No. 1-1 at 2.). Duffin alleges that while traveling on Interstate 26, an unknown vehicle ran into the back of the van in which he was riding, causing bruising and a "permanent back injury that is still causing [him] pain." *Id*.

According to Duffin, an unknown attorney or insurance adjuster came to see him at Kershaw, but that unknown individual was prevented from visiting Duffin by "unknown members of the [Kershaw] administration and the warden." *Id*. at 3.[2] Duffin filed his complaint in state court December 2010, alleging that the accident was caused by Uree and the unknown driver of the other vehicle. Further, he alleges that by not allowing the unknown attorney or insurance adjuster to visit him at Kershaw, the other defendants violated his "1st and 6th Amendment rights to access the courts and counsel." *Id*. at 4.[3]

---

[2]   The complaint refers only to an unknown attorney, but his brief in opposition to the defendants' motion to dismiss mentions an unknown insurance adjuster. (Dkt. No. 22 at 1.)

[3]   The Supreme Court has long recognized the right of access to courts by prisoners. *Bounds v. Smith*, 430 U.S. 817 (1977). This right "sounds in both the First Amendment and the Due Process Clause of the Fourteenth Amendment." *Giarratano v. Johnson*, 456 F.Supp. 2d 747, 752 (4th Cir. 2006) (citing *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983) and *Wolff v. McDonald*, 418 U.S. 539 (1974)). The Sixth Amendment, on the other hand, applies in the

The defendants removed this case to district court based on federal question jurisdiction under 28 U.S.C. § 1331 (Dkt. No. 1 at 1) and filed a motion to dismiss (Dkt. No. 14). The magistrate judge thoroughly reviewed the record and filings and recommended dismissing the complaint in part and remanding the case to state court. (Dkt. No. 45.) First, the magistrate judge determined that Duffin's access to courts claim failed because, even accepting Duffin's allegations as true, Duffin does not claim that he was denied the opportunity to speak to his own attorney, nor was he denied to opportunity to access the courts through the mail. As such, the magistrate judge stated, Duffin's claim that he was denied a visit by an unknown attorney or insurance adjuster "does not state a claim of constitutional magnitude." (*Id*. at 4.) Secondly, the magistrate judge noted that without a viable access to courts claim, Duffin's remaining allegations constitute state law claims only and recommended the district court decline to exercise supplemental jurisdiction. (*Id*. at 4–5.)

**B.**

Duffin timely filed objections to the Report. (Dkt. No. 47.) He states that "he was prevented from pursuing a verified claim for his injuries . . . ." (*Id*. at 2.) Duffin states that the case is still in discovery and that he has not had the opportunity to identify the unknown attorney or insurance adjuster. *Id*.

The court finds this objection unpersuasive. As the magistrate judge noted, "there is no absolute right to prison visitation," and there is no "constitutional right to prison visitation, either for prisoners or visitors." *White v. Keller*, 438 F.Supp. 110, 114–115 (D.Md. 1977), *aff'd* 588 F.2d 913 (4th Cir. 1978). Furthermore, an inmate alleging denial of court access must demonstrate an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The facts, as presented

---

criminal context only. U.S. Const. amend. VI.

by Duffin in his complaint and subsequent filings, do not substantiate Duffin's claim: he has not set forth any facts tending to show that he was unable to pursue his claims in court by virtue of this single alleged incident. Nor has he set forth any facts tending to show he has suffered prejudice in the courts by virtue of this single alleged incident. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that specific allegations of actual injury must be made by a plaintiff claiming denial of access to the courts); *Strickler v. Waters*, 989 F.2d 1375, 1382–85 (4th Cir. 1993), *cert. denied*, 510 U.S. 949 (1993) (discussing in detail a plaintiff's burden to show actual injury or specific harm arising from limited access to the courts). The court finds Duffin's objection unpersuasive and therefore dismisses the access to courts claim against defendants.

Furthermore, the court is persuaded that the remainder of Duffin's claims should be remanded to the Charleston County Court of Common Pleas. Without a viable access to courts claim, no claim remains that presents a federal question. This court has the "inherent power to remand removed State claims when the federal claims drop out of the case." *Hinson v. Norwest Fin. S.C.*, Inc., 239 F.3d 611, 616 (4th Cir. 2001); *see also* 28 U.S.C § 1367 (stating a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Therefore, the court declines to exercise supplemental jurisdiction over Duffin's remaining state law claims.

### III.
#### CONCLUSION

After a thorough review of the record and Report according to the standard set forth in this order, the court adopts the Report. (Dkt. No. 45.) Therefore, it is

**ORDERED** that the defendants' motion to dismiss is **GRANTED** in part and the case is **REMANDED**. All other pending motions are therefore rendered **MOOT**. (Dkt. Nos. 23 and 48.)

**IT IS SO ORDERED.**

<u>s/ Timothy M. Cain</u>
Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 22, 2011

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.